BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE WIRING DEVICE ANTITRUST LITIGATION ) DOCKET NO. 331

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON*, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

This litigation was spawned by the indictment of seven manufacturers, a corporation that manages trade associations, and eleven of their present and former officers for conspiracy to fix prices of electrical wiring devices,[1] in violation of the federal antitrust laws. A companion civil action brought by the Government names the eight indicted corporations and one indicted individual as defendants. The Government also filed a related criminal information charging misdemeanor violations of the Sherman Act against a ninth

---

* Judges Wisdom, Weinfeld and Robson took no part in the decision of this matter.

1/ The complaints in this litigation basically define wiring devices as follows:

> The term wiring devices means current carrying electrical products that serve primarily as a connection and/or control point for an electrical circuit and certain products commonly used therewith which do not themselves carry an electrical current, including, but not limited to, switches, receptacles, power outlets, caps, containers, incandescent lampholders, wallplates, weatherproof boxes and covers, and combination devices, but not including flourescent lampholders and dimmers.

corporation and its former president. These Government actions were all filed on October 27, 1977 in the District of Connecticut. We are advised that the indicted defendants have pleaded nolo contendere to the charges against them, and that one of the defendants named in the information has pleaded guilty to a misdemeanor.

This litigation presently consists of fifteen private civil actions pending in six districts: six in the District of Connecticut, three in the Eastern District of New York, two each in the Eastern District of Pennsylvania[2] and the Southern District of New York,[3] and one each in the Northern District of Illinois and the District of South Carolina.

Each of the private actions was filed as a purported class action on behalf of various purchasers of wiring devices. While there are many variations in the descriptions of the classes that plaintiffs seek to represent, all are nationwide classes of all or some group of purchasers of wiring devices. The seven manufacturers indicted by the Government are all named as defendants in fourteen of the private actions;

---

[2] A third action that was pending in the Eastern District of Pennsylvania was recently dismissed. Plaintiff in that action is also a plaintiff in one of the Connecticut actions.
[3] Plaintiff in one of the Southern District of New York actions has also filed one of the actions pending in the District of Connecticut. This plaintiff states that he has consented to suspend proceedings in his New York action and that he intends to prosecute only his Connecticut action.

Case MDL No. 331   Document 2   Filed 05/05/15   Page 3 of 20

- 3 -

the fifteenth private action includes six of these manufacturers as defendants. The eighth indicted corporation, the twelve individual criminal defendants, three unindicted corporations and an unindicted trade association are named as defendants in many of the private actions.

The complaints in the private actions track the Government's allegations and basically allege that the defendants and various named and unnamed co-conspirators have conspired, in violation of Section 1 of the Sherman Act, to fix, raise, maintain and stabilize the prices of wiring devices.

This litigation is before the Panel on the motion of 23 defendants, including the six defendants common to all private actions, for transfer pursuant to 28 U.S.C. §1407 of all the private actions pending in districts other than the Southern District of New York to that district for coordinated or consolidated pretrial proceedings with the actions pending there. Alternatively, movants urge transfer to the Eastern District of New York. All responding parties agree on the propriety of transfer, and the only dispute concerns the most appropriate transferee district. Plaintiffs in nine actions favor the Eastern District of New York as

either their first choice or as an alternative choice. Various plaintiffs have also suggested the District of Connecticut, the Southern District of New York or the District of South Carolina [4]/ as potential transferee forums.

We find that the private actions involve common questions of fact and that their transfer under Section 1407 to the Eastern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Those plaintiffs that favor transfer to the District of Connecticut argue that coordination between the pending Government criminal and civil proceedings, as well as access to grand jury materials, which are under the control of the Connecticut court, can most effectively be facilitated there. These plaintiffs also point out that Judge M. Joseph Blumenfeld, to whom the criminal proceedings, the Government civil action, and the private civil actions pending in the District of Connecticut have been assigned, is thoroughly familiar with the issues in this litigation and is experienced in handling complex and multidistrict litigation.

---

4/ Only the plaintiff in the action pending in the District of South Carolina favors transfer to that district. This plaintiff urges transfer to the District of South Carolina because that district has a more current civil docket than any of the other potential transferee districts suggested by the parties in this litigation. Unlike those other districts, however, the District of South Carolina meets none of the other criteria for a transferee district under Section 1407, and we find that that district would not be an appropriate transferee district for this litigation.

We recognize that the Panel has often transferred litigations to a district in which related Government proceedings are, or were, pending,[5] and that the Panel has sometimes assigned the private actions to the judge who presided over those Government proceedings.[6] Under the circumstances of this litigation, however, we are persuaded that transferring the private actions to the Eastern District of New York will result in the most efficient and expeditious resolution of both the Government and private actions. Pretrial proceedings in the actions in the Eastern District of New York are relatively advanced in comparison to the status of other actions in this litigation. Judge Jack B. Weinstein, to whom the three Eastern District of New York actions have been assigned, already has ordered all defendants before him to produce to plaintiffs in those actions copies of any relevant documents in defendants' possession that were submitted to the Connecticut grand jury, and to provide those plaintiffs with a list of all persons whom defendants know

---

[5] See, e.g., In re Corrugated Container Antitrust Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed Nov. 29, 1977) (slip op. at 6-7); In re Anthracite Coal Antitrust Litigation, 436 F. Supp. 402, 403 (J.P.M.L. 1977).

[6] See, e.g., In re Hawaiian Hotel Room Rate Antitrust Litigation, 438 F. Supp. 935, 936 (J.P.M.L. 1977); In re South Central States Bakery Products Antitrust Litigation, 433 F. Supp. 1127, 1130 (J.P.M.L. 1977).

testified before the grand jury.[7] Thus much of the coordination that ordinarily takes place between Government proceedings and related private actions already has been initiated in the Eastern District of New York. We are confident that communication and cooperation between the judges handling the private and Government actions, together with the cooperation and assistance of the Government, all parties and their counsel, will be sufficient to accomplish any further coordination which may be necessary between the Government and private actions, including the consideration of any requests that the private litigants may make for additional grand jury and other materials involved in the Government proceedings. Any further coordination efforts will, of course, be facilitated by the geographical accessibility of New York to Hartford. See In re Plumbing Fixture Cases, 295 F. Supp. 33, 33-34 (J.P.M.L. 1968). Judge Weinstein, in addition to his orders concerning grand jury matters, has ordered the parties in the actions before him to complete discovery on the question of class action certification by March 1, 1978.[8] If deemed appropriate by the transferee judge, both the grand jury and class action discovery in the Eastern District of New York actions could be made available to the parties

---

[7] The complaints in the Eastern District of New York actions name as defendants 22 of the 25 defendants named in the actions in this litigation, including all the defendants involved in the Government criminal and civil actions.

[8] Briefing of the class action determination issues presently is scheduled to be completed in mid-May 1978.

in the other actions in this litigation,[9] thus streamlining the entire litigation and furthering the expeditious resolution of the important class action determination issues.

Several additional factors commend transfer of this litigation to the Eastern District of New York. Most of the corporate defendants have their principal places of business, and most of the individual defendants reside, in the New York area. Moreover, the complaints in this litigation allege that defendants' price-fixing conspiracy was in great part organized and effectuated at meetings of the Wiring Device Association, an apparently disbanded trade association of wiring device manufacturers, which had its headquarters in the New York area. Thus, many relevant documents and witnesses are located in or near New York. Also, all defendants that have taken a position and plaintiffs in a majority of the actions favor transfer to a New York forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Eastern District of

---

[9] See Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

New York be, and the same hereby are, transferred to that district and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending there.

DOCKET NO. 331
SCHEDULE A

| DISTRICT OF CONNECTICUT | Civil Action No. |
|---|---|
| John H. Dubin v. Leviton Manufacturing Co., Inc., et al. | H-77-568 |
| Comspace Corporation v. Leviton Manufacturing Co., Inc., et al. | H-77-578 |
| Vallese Electric Supply Co., Inc., etc. v. Leviton Manufacturing Co., Inc., et al. | H-77-606 |
| Gold Seal Electric Supply Co. v. Leviton Manufacturing Co., Inc., et al. | H-77-615 |
| Pyramid Electric Supply Co., Inc., etc. v. Leviton Manufacturing Co., Inc., et al. | H-77-613 |
| Mayers Electric Co. v. Leviton Manufacturing Co., Inc., et al. | H-77-645 |

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Efengee Electrical Supply Co., et al. v. Eagle Electric Manufacturing Co., Inc., et al. | 77-C-4800 |

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Big D Building Supply Corp. v. Leviton Manufacturing Co., Inc., et al. | 77C2167 |
| Jamestown Electric Supply v. Leviton Manufacturing Co., Inc., et al. | 77C2440 |
| Pitts Corp., d/b/a Clark Supply Co. v. Leviton Manufacturing Co., Inc., et al. | 77C2441 |

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dunhill Manufacturing & Distributing Corp. v. Bell Electric Co., Inc., et al. | 77-Civ-5360 |
| John H. Dubin v. Leviton Manufacturing Co., Inc., et al. | 77-Civ-5359 |

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CBC Industries, Inc., etc. v. Leviton Manufacturing Co., Inc., et al. | 77-4277 |

Docket No. 331 -- Schedule A - Continued

| EASTERN DISTRICT OF PENNSYLVANIA (Cont.) | Civil Action No. |
|---|---|
| Rose Electric Supply Co. v. Leviton Manufacturing Co., Inc., et al. | 77-4324 |

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| General Supplies, Inc. v. Leviton Manufacturing Co., Inc., et al. | 78-0026 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE WIRING DEVICE ANTITRUST LITIGATION  )   DOCKET NO. 331

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON*, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL

---

PER CURIAM

This litigation was spawned by the indictment of seven manufacturers, a corporation that manages trade associations, and eleven of their present and former officers for conspiracy to fix prices of electrical wiring devices, 1/ in violation of the federal antitrust laws. A companion civil action brought by the Government names the eight indicted corporations and one indicted individual as defendants. The Government also filed a related criminal information charging misdemeanor violations of the Sherman Act against a ninth

---

\*   Judges Wisdom, Weinfeld and Robson took no part in the decision of this matter.

1/   The complaints in this litigation basically define wiring devices as follows:

> The term wiring devices means current carrying electrical products that serve primarily as a connection and/or control point for an electrical circuit and certain products commonly used therewith which do not themselves carry an electrical current, including, but not limited to, switches, receptacles, power outlets, caps, containers, incandescent lampholders, wallplates, weatherproof boxes and covers, and combination devices, but not including flourescent lampholders and dimmers.

corporation and its former president. These Government actions were all filed on October 27, 1977 in the District of Connecticut. We are advised that the indicted defendants have pleaded nolo contendere to the charges against them, and that one of the defendants named in the information has pleaded guilty to a misdemeanor.

This litigation presently consists of fifteen private civil actions pending in six districts: six in the District of Connecticut, three in the Eastern District of New York, two each in the Eastern District of Pennsylvania[2/] and the Southern District of New York,[3/] and one each in the Northern District of Illinois and the District of South Carolina.

Each of the private actions was filed as a purported class action on behalf of various purchasers of wiring devices. While there are many variations in the descriptions of the classes that plaintiffs seek to represent, all are nation-wide classes of all or some group of purchasers of wiring devices. The seven manufacturers indicted by the Government are all named as defendants in fourteen of the private actions;

---

2/   A third action that was pending in the Eastern District of Pennsylvania was recently dismissed. Plaintiff in that action is also a plaintiff in one of the Connecticut actions.
3/   Plaintiff in one of the Southern District of New York actions has also filed one of the actions pending in the District of Connecticut. This plaintiff states that he has consented to suspend proceedings in his New York action and that he intends to prosecute only his Connecticut action.

the fifteenth private action includes six of these manufacturers as defendants. The eighth indicted corporation, the twelve individual criminal defendants, three unindicted corporations and an unindicted trade association are named as defendants in many of the private actions.

The complaints in the private actions track the Government's allegations and basically allege that the defendants and various named and unnamed co-conspirators have conspired, in violation of Section 1 of the Sherman Act, to fix, raise, maintain and stabilize the prices of wiring devices.

This litigation is before the Panel on the motion of 23 defendants, including the six defendants common to all private actions, for transfer pursuant to 28 U.S.C. §1407 of all the private actions pending in districts other than the Southern District of New York to that district for coordinated or consolidated pretrial proceedings with the actions pending there. Alternatively, movants urge transfer to the Eastern District of New York. All responding parties agree on the propriety of transfer, and the only dispute concerns the most appropriate transferee district. Plaintiffs in nine actions favor the Eastern District of New York as

either their first choice or as an alternative choice. Various plaintiffs have also suggested the District of Connecticut, the Southern District of New York or the District of South Carolina [4]/ as potential transferee forums.

We find that the private actions involve common questions of fact and that their transfer under Section 1407 to the Eastern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Those plaintiffs that favor transfer to the District of Connecticut argue that coordination between the pending Government criminal and civil proceedings, as well as access to grand jury materials, which are under the control of the Connecticut court, can most effectively be facilitated there. These plaintiffs also point out that Judge M. Joseph Blumenfeld, to whom the criminal proceedings, the Government civil action, and the private civil actions pending in the District of Connecticut have been assigned, is thoroughly familiar with the issues in this litigation and is experienced in handling complex and multidistrict litigation.

---

[4]/ Only the plaintiff in the action pending in the District of South Carolina favors transfer to that district. This plaintiff urges transfer to the District of South Carolina because that district has a more current civil docket than any of the other potential transferee districts suggested by the parties in this litigation. Unlike those other districts, however, the District of South Carolina meets none of the other criteria for a transferee district under Section 1407, and we find that that district would not be an appropriate transferee district for this litigation.

We recognize that the Panel has often transferred litigations to a district in which related Government proceedings are, or were, pending,[5] and that the Panel has sometimes assigned the private actions to the judge who presided over those Government proceedings.[6] Under the circumstances of this litigation, however, we are persuaded that transferring the private actions to the Eastern District of New York will result in the most efficient and expeditious resolution of both the Government and private actions. Pretrial proceedings in the actions in the Eastern District of New York are relatively advanced in comparison to the status of other actions in this litigation. Judge Jack B. Weinstein, to whom the three Eastern District of New York actions have been assigned, already has ordered all defendants before him to produce to plaintiffs in those actions copies of any relevant documents in defendants' possession that were submitted to the Connecticut grand jury, and to provide those plaintiffs with a list of all persons whom defendants know

---

[5] See, e.g., In re Corrugated Container Antitrust Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed Nov. 29, 1977) (slip op. at 6-7); In re Anthracite Coal Antitrust Litigation, 436 F. Supp. 402, 403 (J.P.M.L. 1977).

[6] See, e.g., In re Hawaiian Hotel Room Rate Antitrust Litigation, 438 F. Supp. 935, 936 (J.P.M.L. 1977); In re South Central States Bakery Products Antitrust Litigation, 433 F. Supp. 1127, 1130 (J.P.M.L. 1977).

testified before the grand jury.[7] Thus much of the coordination that ordinarily takes place between Government proceedings and related private actions already has been initiated in the Eastern District of New York. We are confident that communication and cooperation between the judges handling the private and Government actions, together with the cooperation and assistance of the Government, all parties and their counsel, will be sufficient to accomplish any further coordination which may be necessary between the Government and private actions, including the consideration of any requests that the private litigants may make for additional grand jury and other materials involved in the Government proceedings. Any further coordination efforts will, of course, be facilitated by the geographical accessibility of New York to Hartford. See In re Plumbing Fixture Cases, 295 F. Supp. 33, 33-34 (J.P.M.L. 1968). Judge Weinstein, in addition to his orders concerning grand jury matters, has ordered the parties in the actions before him to complete discovery on the question of class action certification by March 1, 1978.[8] If deemed appropriate by the transferee judge, both the grand jury and class action discovery in the Eastern District of New York actions could be made available to the parties

---

[7] The complaints in the Eastern District of New York actions name as defendants 22 of the 25 defendants named in the actions in this litigation, including all the defendants involved in the Government criminal and civil actions.

[8] Briefing of the class action determination issues presently is scheduled to be completed in mid-May 1978.

in the other actions in this litigation,[9/] thus streamlining the entire litigation and furthering the expeditious resolution of the important class action determination issues.

Several additional factors commend transfer of this litigation to the Eastern District of New York. Most of the corporate defendants have their principal places of business, and most of the individual defendants reside, in the New York area. Moreover, the complaints in this litigation allege that defendants' price-fixing conspiracy was in great part organized and effectuated at meetings of the Wiring Device Association, an apparently disbanded trade association of wiring device manufacturers, which had its headquarters in the New York area. Thus, many relevant documents and witnesses are located in or near New York. Also, all defendants that have taken a position and plaintiffs in a majority of the actions favor transfer to a New York forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Eastern District of

---

9/ See Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

- 8 -

New York be, and the same hereby are, transferred to that district and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending there.

DOCKET NO. 331
SCHEDULE A

| DISTRICT OF CONNECTICUT | Civil Action No. |
|---|---|
| John H. Dubin v. Leviton Manufacturing Co., Inc., et al. | H-77-568 |
| Comspace Corporation v. Leviton Manufacturing Co., Inc., et al. | H-77-578 |
| Vallese Electric Supply Co., Inc., etc. v. Leviton Manufacturing Co., Inc., et al. | H-77-606 |
| Gold Seal Electric Supply Co. v. Leviton Manufacturing Co., Inc., et al. | H-77-615 |
| Pyramid Electric Supply Co., Inc., etc. v. Leviton Manufacturing Co., Inc., et al. | H-77-613 |
| Mayers Electric Co. v. Leviton Manufacturing Co., Inc., et al. | H-77-645 |

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Efengee Electrical Supply Co., et al. v. Eagle Electric Manufacturing Co., Inc., et al. | 77-C-4800 |

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Big D Building Supply Corp. v. Leviton Manufacturing Co., Inc., et al. | 77C2167 |
| Jamestown Electric Supply v. Leviton Manufacturing Co., Inc., et al. | 77C2440 |
| Pitts Corp., d/b/a Clark Supply Co. v. Leviton Manufacturing Co., Inc., et al. | 77C2441 |

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dunhill Manufacturing & Distributing Corp. v. Bell Electric Co., Inc., et al. | 77-Civ-5360 |
| John H. Dubin v. Leviton Manufacturing Co., Inc., et al. | 77-Civ-5359 |

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CBC Industries, Inc., etc. v. Leviton Manufacturing Co., Inc., et al. | 77-4277 |

Docket No. 331 -- Schedule A - Continued

| EASTERN DISTRICT OF PENNSYLVANIA (Cont.) | Civil Action No. |
|---|---|
| Rose Electric Supply Co. v. Leviton Manufacturing Co., Inc., et al. | 77-4324 |

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| General Supplies, Inc. v. Leviton Manufacturing Co., Inc., et al. | 78-0026 |